PER CURIAM.
This appeal[1] is a companion case to A.C. v. State, 888 So.2d 518 (Ala.Civ.App.2004). In this case, as in A.C., a juvenile who had never previously been adjudicated to be a child in need of supervision (“CHINS”) was found to be a CHINS by the Family Court of Jefferson County (sitting as the Jefferson Juvenile Court) and, among other things, was ordered to complete the “High Intensity Training” program (“H.I.T. program”) of the Alabama Department of Youth Services, a residential boot camp for juveniles. The same juvenile-court judge who heard and decided AC. also heard and decided this case, and that judge certified in this case, pursuant to Rule 28(A)(1)(b), Ala. R. Juv. P., the same questions of law as were certified in AC.
In reversing the juvenile court’s judgment in AC., this court concluded (a) that the juvenile appellant had standing to challenge the portion of the judgment under review that directed her to complete the H.I.T. program and (b) that § 12-15-71(e), Ala.Code 1975, prohibited the placement of a juvenile adjudicated to be a CHINS in a facility established for delinquent children if that juvenile had never previously been found in need of supervision. 888 So.2d at 521. On the authority of AC., we reverse the juvenile court’s judgment in this case and we remand the cause for the entry of a judgment consistent with the principles expressed in AC.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
YATES, P.J., dissents, with writing.

. The appeal was transferred from the Court of Criminal Appeals to this court on the authority of K.W. v. State, 697 So.2d 1197 (Ala.Crim.App.1997). See also Rule 28(A)(2)(b), Ala. R. Juv. P. (providing that this court is the "appropriate appellate court” to review judgments in cases arising out of juvenile-court jurisdiction over children except as to orders adjudicating a juvenile delinquent and orders transferring juveniles to "adult” criminal court for prosecution).